UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BOUNMY VANHLAKITH,

Plaintiff,

v.

FRANK BISIGNANO, Commissioner of Social Security,

Defendant.

No. 2:25-cv-03536-DAD-EFB (SS)

FINDINGS AND RECOMMENDATIONS

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security denying his application for Supplemental Security Income under Title XVI of the Social Security Act. ECF No. 1. Pending before the court are the parties' cross-motions for summary judgment. ECF Nos. 9, 10, 11. For the reasons provided below, the undersigned recommends that plaintiff's motion be denied and defendant's motion be granted. [1]

## I. Background

On April 30, 2022, plaintiff filed an application for disability insurance benefits under Title XVI of the Social Security Act, alleging disability beginning on January 1, 2000. Administrative Record (AR) 19, 241.[2] Plaintiff alleged disability due to ulcer and gastroparesis.

[1] The parties have not consented to the jurisdiction of a United States Magistrate Judge in this action. *See* ECF Nos. 7, 15.

[2] Defendant lodged the administrative record on February 6, 2026. ECF No. 7.

AR 264. Plaintiff's application was denied on October 7, 2022, and his request for reconsideration was denied on July 23, 2023. AR 19. He requested a hearing before an Administrative Law Judge (ALJ), which was held by video on December 5, 2024. AR 19, 49-75. On December 23, 2024, the ALJ issued a decision finding plaintiff not disabled. AR 16-31. Plaintiff sought review to the Appeals Council, which denied review on October 6, 2025, AR 1-6, and, on December 8, 2025, plaintiff initiated the instant action. ECF No. 1.

## II. Legal Standard

### A. The Disability Standard

To qualify for disability insurance benefits under the Social Security Act, a claimant must show he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[3] which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security Regulations set out a five-step sequential evaluation process to be used in determining if a claimant is disabled. 20 C.F.R. § 404.1520; *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1194 (9th Cir. 2004). The five steps in the sequential evaluation in assessing whether the claimant is disabled are:

> Step one: Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.
>
> Step two: Is the claimant's alleged impairment sufficiently severe to limit his or her ability to work? If so, proceed to step three. If not, the claimant is not disabled.
>
> Step three: Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R., pt. 404, subpt. P, app. 1? If so, the claimant is disabled. If not, proceed to step four.
>
> Step four: Does the claimant possess the residual functional capacity ("RFC") to perform his or her past relevant work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant's RFC, when considered with the claimant's age,

[3] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. § 423(d)(3).

> education, and work experience, allow him or her to adjust to other work that exists in significant numbers in the national economy? If so, the claimant is not disabled. If not, the claimant is disabled.

*Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006). At each of these five steps, "the ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities.'" *Ford v. Saul*, 950 F.3d 1141, 1149 (9th Cir. 2020). (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). In steps one through four, the burden of proof is on the claimant. *Ford*, 950 F.3d at 1148. A claimant establishes a prima facie case of qualifying disability once he has carried the burden of proof from step one through step four. *Ibid*.

Before making the step four determination, the ALJ first must determine the claimant's RFC. *Batson*, 359 F.3d at 1194; *see* 20 C.F.R. § 416.920(e). The RFC is "the most [one] can still do despite [his] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. § 404.1545(a)(1). A determination of RFC is not a medical opinion, but a legal decision that is expressly reserved for the Commissioner. *See* 20 C.F.R. § 404.1527(d)(2) (RFC is not a medical opinion); 20 C.F.R. § 404.1546(c) (identifying the ALJ as responsible for determining RFC); *see also Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001) ("[I]t is the responsibility of the ALJ, not the claimant's physician, to determine residual functional capacity.").

At step five, the burden shifts to the Commissioner, who must then show that there are a significant number of jobs in the national economy that the claimant can perform given his RFC, age, education, and work experience. 20 C.F.R. § 404.1520(g); *Batson*, 359 F.3d at 1194. If the claimant can perform other work in the national economy, then the claimant may not be found to be disabled. *Ibid.*

**B. Standard of Review**

Congress has provided that an individual may obtain judicial review of any final decision of the Commissioner of Social Security regarding entitlement to benefits. 42 U.S.C. § 405(g). In determining whether to reverse an ALJ's decision, the court reviews only those issues raised by

the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 587 U.S. 97, 99 (2019). "Substantial evidence is relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." *Thomas v. Barnhart (Thomas)*, 278 F.3d 947, 954 (9th Cir. 2002) (quoting *Flaten v. Sec'y of Health & Human Servs*., 44 F.3d 1453, 1457 (9th Cir. 1995)); *see also Dickinson v. Zurko*, 527 U.S. 150, 153 (1999) (comparing the substantial-evidence standard to the deferential clearly-erroneous standard). "[T]he threshold for such evidentiary sufficiency is not high." *Biestek*, 587 U.S. at 103. Rather, "[s]ubstantial evidence means more than a scintilla, but less than a preponderance; it is an extremely deferential standard." *Thomas v. CalPortland Co. (CalPortland)*, 993 F.3d 1204, 1208 (9th Cir. 2021) (internal quotations and citations omitted); *see also Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996). Even if the ALJ has erred, the Court may not reverse the ALJ's decision where the error is harmless, *Stout*, 454 F.3d at 1055-56, and the burden of showing that an error is not harmless "normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

In conducting its analysis, the "reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). The court may not affirm the ALJ on a ground upon which she did not rely; rather, the court may review only the reasons stated by the ALJ in her decision. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007); *see also Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003). Further, if the evidence "is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Ford*, 950 F.3d at 1154 (quoting *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)).

**III. The ALJ's Findings of Fact and Conclusions of Law**

In his December 23, 2024 decision, the ALJ found plaintiff not disabled and made the following findings:

1. The claimant has not engaged in substantial gainful activity since April 30,

> 2022, the application date (20 CFR 416.971 *et seq*.).
>
> 2. The claimant has the following severe impairments: gastroparesis; and degenerative disc disease and musculoligamentous strain of the lumbar spine (20 CFR 416.920(c)).
>
> 3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925, and 416.926).
>
> 4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except: occasionally climb ramps and stairs; never climb ladders, ropes, or scaffolds; and can occasionally balance, stoop, kneel, crouch, and crawl.
>
> 5. The claimant has no past relevant work (20 CFR 416.965).
>
> 6. The claimant was born on April 1, 1976, and was 46 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).
>
> 7. The claimant has limited education (20 CFR 416.964).
>
> 8. Transferability of job skills is not an issue because the claimant does not have past relevant work (See 20 CFR 416.968).
>
> 9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969a).
>
> 10. The claimant has not been under a disability, as defined in the Social Security Act, since April 30, 2022, the date the application was filed.

AR 21-31.

## IV. Analysis

Plaintiff raises a single issue on review, that the ALJ erred in failing to provide specific, clear, and convincing reasons for discounting plaintiff's descriptions of his own symptoms and limitations, when determining plaintiff's RFC, including erring in his reliance on evidence of

plaintiff's activities of daily living. ECF No. 9 at 3-9. He argues that the error was not harmless and requests as a remedy that the matter be remanded to the agency or, alternatively, benefits to be awarded. *Id*. at 9-10. Defendant argues that the ALJ did not err but if error is found, remand to the agency is the appropriate remedy. ECF No. 10. The court concludes that plaintiff has failed to show that the ALJ's opinion lacks substantial evidence to support it and recommends that plaintiff's motion be denied and defendant's motion be granted.

When determining a plaintiff's residual functioning capacity, the ALJ must consider the plaintiff's testimony describing his symptoms and engage in a two-step inquiry to determine whether such testimony is credible. *Garrison v. Colvin*, 759 F.3d 995, 1014-15 (9th Cir. 2014). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Lingenfelter v. Astrue,* 504 F.3d 1028, 1035-36 (9th Cir. 2007), quoting *Bunnell v. Sullivan,* 947 F.2d 341, 344 (9th Cir. 1991) (en banc) (internal quotation marks omitted). If the claimant satisfies the first step of this analysis, and there is no evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Garrison*, 759 F.3d at 1014-15 (quoting *Smolen v. Chater,* 80 F.3d 1273, 1281 (9th Cir. 1996)); *see also Robbins v. Soc. Sec. Admin.,* 466 F.3d 880, 883 (9th Cir. 2006). This standard is met where the ALJ "specifically identify[ies] the testimony [from a claimant] she or he finds not to be credible and . . . explain[s] what evidence undermines that testimony." *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020), quoting *Treichler v. Comm. of Soc. Sec. Admin.*, 775 F.3d 1090, 1102 (9th Cir. 2014). It is not sufficient for an ALJ to merely recite boilerplate or provide a general summary of the evidence; nonetheless, the ALJ is not required "to perform a line-by-line exegesis of the claimant's testimony" or "draft dissertations when denying benefits." *Id.* at 1277.

Here, in considering plaintiff's claim for benefits under Title XVI, the ALJ found that plaintiff had the severe impairments of gastroparesis; and degenerative disc disease and musculoligamentous strain of the lumbar spine, but rejected in part plaintiff's statements considering the intensity, persistence, and limiting effect of the symptoms of these impairments.

AR 21-28. In determining the RFC, the ALJ detailed plaintiff's hearing testimony describing his pain and the way it limited him, including plaintiff's testimony he was bedridden five to ten days per month from stomach pain and could perform few activities during these periods. AR 25. The ALJ summarized plaintiff's testimony describing the activities of daily life he performs and summarized the medical evidence that had been submitted, including evidence recording plaintiff's abdominal pain and clinical findings relating to it. AR 25-26. The ALJ concluded that plaintiff's "statements concerning the intensity, persistence, and limiting effects of [his] symptoms are not entirely consistent with the medical evidence and other evidence in the record," because "the claimant's treating and examining providers observed relatively unremarkable clinical examination findings when compared to the frequency and severity of symptoms reported by the claimant." AR 26-27. The ALJ then provided examples of medical evidence in the record and evidence of plaintiff's daily life activities that contradicted plaintiff's claimed limitations and found that "limiting the claimant to light exertion with reduced posturals is supported to accommodate his low back and abdominal pain" but "[t]he record lacks objective findings or treatment to show the claimant is more limited than already accommodated for." AR 27.

The ALJ's partial rejection of plaintiff's testimony was supported by specific, clear, and convincing reasons. *See Garrison*, 759 F.3d at 1014-15. The reasons provided by the ALJ were specific, as they contain enough detail "to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony," *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002), and because the "reviewing court [is] not . . . forced to speculate as to the grounds for an adjudicator's rejection of a claimant's allegations of disabling pain." *Bunnell,* 947 F.2d at 345-46; *see, e.g., Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995), *as amended* (Apr. 9, 1996), *superseded by statute on other grounds*. In explaining why he did not fully credit plaintiff's description of the intensity, persistence, and limiting effect of the impairments caused by his abdominal pain, the ALJ detailed the medical evidence in the record tending to contradict plaintiff's testimony, including the results of mental status examinations and clinicians' contemporaneous records of plaintiff's reports of his own functioning, including the efficacy of his medication. AR 25-27. The ALJ also discussed the medical opinion evidence and prior

administrative findings in the record, including the weight he gave each based on its supportability and consistency, as well as the third-party function report that plaintiff had submitted, and the evidence of plaintiff's physical functioning contained therein. AR 27-30. Taken together, these findings satisfy the requirement that the ALJ explain "specific[ally]" why he rejected in part plaintiff's testimony, *see Garrison*, 759 F.3d at 1014-15, so as to enable the court to effectuate a meaningful review of the ALJ's disability determination and underlying findings. *See Bunnell,* 947 F.2d at 345-46; *see, e.g.*, *Lester*, 81 F.3d at 834 (holding ALJ's reasons for rejecting claimant's testimony not sufficiently specific the ALJ had simply made a "general statement that the claimant's testimony was unbelievable" but "did not provide any specific reasons for her disbelief other than a lack of objective evidence"); *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993) (holding that ALJ was not sufficiently specific in partially rejecting claimant's allegations of symptoms where ALJ simply "repeated that there was little or nothing in the record to support" the allegations); *Varney v. Sec'y of Health & Hum. Servs.*, 846 F.2d 581, 584 (9th Cir.), *on reh'g,* 859 F.2d 1396 (9th Cir. 1988) (same, where ALJ simply stated in one sentence that plaintiff's allegations of her symptoms were unsupported by the objective medical evidence).

The reasons provided by the ALJ for partially discounting plaintiff's testimony were also sufficiently clear and convincing. The ALJ did not, as plaintiff claims, simply recite boilerplate or summarize the evidence without explaining its relationship to the ALJ's evaluation of plaintiff's credibility. Rather, the ALJ specifically noted portions of the medical evidence, including contemporaneous clinician reports and plaintiff's reports of his activities of daily living, that supported the conclusion that plaintiff was not as limited in his activities as he had asserted. These are appropriate bases for an ALJ to discount a claimant's testimony. *See, e.g.*, *Smartt*, 53 F.4th at 497-500 (holding ALJ had clear and convincing reasons to discount claimant's subjective pain testimony where the objective medical evidence and evidence of claimant's daily activities was inconsistent with the claimed limitations and plaintiff had followed a conservative treatment plan for her claimed pain); *Molina*, 674 F.3d at 1113 (holding ALJ reasonably discounted claimant's testimony where it conflicted with evidence of claimant's daily activities); *Chaudhry*

*v. Astrue*, 688 F.3d 661, 672-73 (9th Cir. 2012) (holding ALJ was reasonable in relying on objective medical evidence of claimant's functioning over claimant's subjective testimony); *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) (holding ALJ reasonably relied on physician's assessment of claimant's lifting capability in lieu of claimant's self-report, as "[c]ontradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony"); *Osenbrock v. Apfel*, 240 F.3d 1157, 1165-66 (9th Cir. 2001) (affirming an ALJ's rejection of claimant's allegations of disabling pain, as they conflicted with records from her physical examinations). Plaintiff fails to show error on this basis.

Plaintiff additionally argues that the RFC lacks substantial evidence because the ALJ's partial rejection of plaintiff's testimony was premised on the ALJ's misstatement of the evidence. ECF No. 9 at 6. Specifically, plaintiff argues that "Plaintiff did not testify he is unable to do anything; Plaintiff's testimony is that he is generally ok, but when the abdominal pain and/or back pain flares up he is unable to do anything. [AR 25;58-61]." ECF No. 9 at 6. Review of the record reveals that the ALJ did not err in his description of it. In discussing the RFC determination, the ALJ stated that plaintiff testified

> [H]e has had stomach issues for years. He testified he had stomach pain every day. He stated the pain can come and go and sometimes it will stay for 5 days or so. . . . He stated there were days (5-10 days out of the month) he just laid in bed due to pain. . . . He testified when he is having stomach pain, he forces himself to get up and go to the bathroom and get some water, but he is unable to do any other activities.

AR 25. This accurately reflects plaintiff's hearing testimony. AR 58-61. In his reply brief, plaintiff argues that "the ALJ Opinion asserts that the Plaintiff contends he can not function ever. [AR 27-28]" and it is erroneous for that reason. ECF No. 11 at 2-3. The ALJ, however, did not characterize plaintiff's claim or testimony in this manner, however. Rather, the ALJ noted that plaintiff had testified he could perform almost no activities during his bouts of intense gastric pain, and had reported to medical providers that "when he was sick, he could not do anything, and bouts of sickness could happen at any time." AR 25 (citing Exs. 3A, 6A, 11E). These descriptions accurately reflect plaintiff's testimony, *see* AR 58-61, and his self-reporting contained in his Function Report. AR 290. Plaintiff fails to demonstrate error on this basis.

In sum, plaintiff fails to show that the ALJ's decision lacks substantial evidence to support it. *See* 42 U.S.C. § 405(g); *Biestek*, 587 U.S. at 99; *Thomas*, 278 F.3d at 954. Accordingly, the undersigned recommends that plaintiff's motion for summary judgment be denied and defendant's motion for summary judgment be granted.

**CONCLUSION**

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for summary judgment (ECF No. 9) be denied;
2. Defendant's cross-motion for summary judgment (ECF No. 10) be granted;
3. The Clerk of Court be directed to enter judgment in favor of defendant and close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 31, 2026

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE