UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOUNMY VANHLAKITH,<br>Plaintiff,<br>v.<br>COMMISSIONER OF SOCIAL SECURITY,<br>Defendant. | No. 2:25-cv-03536-DAD-EFB (SS)<br><br><u>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT</u><br><br>(Doc. Nos. 9, 10, 11, 14) |

Plaintiff Bounmy Vanhlakith, proceeding with counsel, brought this action seeking judicial review of the Commissioner of Social Security's final decision denying plaintiff's application for Supplemental Security Income under Title XVI of the Social Security Act. (Doc. No. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 31, 2026, the assigned magistrate judge issued findings and recommendations recommending that plaintiff's motion for summary judgment be denied and that defendant's cross-motion for summary judgment be granted, and that the final decision of the Commissioner be upheld. (Doc. No. 14.) Specifically, the magistrate judge rejected plaintiff's single argument that the ALJ had erred in failing to provide specific, clear, and convincing reasons for discounting

plaintiff's descriptions of his own symptoms and limitations, when determining plaintiff's RFC, including erring in his reliance on evidence of plaintiff's activities of daily living. (*Id.* at 5–10.) The magistrate judge found that the ALJ provided examples of medical evidence in the record and evidence of plaintiff's daily life activities that contradicting plaintiff's claimed limitations and thus the ALJ's partial rejection of plaintiff's testimony in this regard was supported by specific, clear, and convincing reasons. (*Id.* at 7.) In addition, the magistrate judge concluded that the reasons provided by the ALJ for partially discounting plaintiff's testimony were also sufficiently clear and convincing because the ALJ specifically relied upon medical evidence in the record, including reports by clinicians and plaintiff himself, that supported the conclusion that plaintiff was not as limited in his activities as he claimed in his testimony. (*Id.* at 8.) Finally, the magistrate judge reviewed and cited the relevant sections of the record in rejecting plaintiff's argument that the ALJ had misstated the evidence in partially rejecting plaintiff's testimony. (*Id.* at 9.)

The pending findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id.* at 10.) On September 14, 2026, counsel on behalf of plaintiff filed objections to the findings and recommendations. (Doc. No. 15.) In those objections, plaintiff's counsel argues that the magistrate judge erred, just as the ALJ did, in relying on "boilerplate statements" in partially rejecting plaintiff's testimony rather than on clear and convincing evidence and in failing to adequately link plaintiff's activities of daily living to work activity.[1] (*Id*. at 2–5.) Upon reviewing the entire record, the undersigned finds neither of plaintiff's arguments advanced in his objections to be persuasive. In the pending thorough and well-reasoned findings and recommendations the magistrate thoroughly considered and explained the basis upon which plaintiff's arguments were being rejected. (Doc. No. 14 at 7–10.)

---

[1] It does not appear that this latter argument was specifically made by plaintiff's counsel to the magistrate judge, in which case it is not properly raised for the first time on objections. Nonetheless, the magistrate judge did address evidence of plaintiff's daily activities in the pending findings and recommendations. Finally, even considering plaintiff's argument as now advanced the undersigned finds that it provides no basis upon which to reject the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly:

1. The findings and recommendations issued August 31, 2026 (Doc. No. 14) are adopted in full;
2. Plaintiff's motion for summary judgment (Doc. Nos. 9, 11) is denied;
3. Defendant's cross-motion for summary judgment (Doc. No. 10) is granted;
4. The decision of the defendant Commissioner is affirmed; and
5. The Clerk of Court is directed to enter judgment in favor of defendant and close this case.

IT IS SO ORDERED.

Dated: **October 28, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE